### Decker v. Gilbert, Treasurer, et al.

(Decided Sept. 28, 1910.)

## Appeal from Calloway Circuit Court.

1. Pool Tables—License to Operate—Refusal of City Council to Issue—Authority of City Council.—In an action against the Clerk, Treasurer, Mayor and members of the City Council of a city of the fifth class for a judgment requiring them to issue a license to the applicant authorizing him to operate pool tables therein, alleging that "he tendered to them the license fee of $200.00 fixed by the city ordinance, and which they refused to issue," to which action a general demurrer was sustained in the lower court. Held

that under subsection 4, of section 3637 Ky. St., part of the charter of cities of the fifth class, the granting of such license is under the exclusive control of the city council.

2. Constructive Refusal to Issue License.—The allegation of the refusal of the city council to grant the license amounts to a mere constructive refusal based upon the refusal of the Mayor either to refuse the money tendered or to issue the license.

E. L. HOLLAND, MAX HANBERRY and ZEB A. STEWART for appellant.

COLEMAN & WELLS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER— Affirming.

The appellant instituted this action in the Calloway circuit court against the clerk and the treasurer of the city of Murray (a city of the fifth class) in order to obtain a judgment requiring the city officers to issue him a license authorizing him to conduct and operate three pool tables in the city. In his petition he alleges that he tendered to these officers the sum of two hundred dollars, which was the license fee fixed by ordinance for the privilege of operating three pool tables, and demanded of them a receipt therefor and license to operate the pool tables. Afterwards he amended his petition and made the mayor and the members of the city council defendants and prayed that if it should be held that the clerk or the treasurer were not the proper officers to issue the license in question, he should be awarded a judgment against the city council requiring them to issue the license. The allegation of the petition as amended, concerning the mayor and council, is as follows:

"Plaintiff states that on the date alleged in his original petition herein, that he, in addition to tendering to the said treasurer and clerk of the city of Murray, Ky., acting for and on behalf of said city under the ordinance herein, also tendered to the defendant city of Murray and council, through its mayor, defendant, E. A. Hughes, $200 in gold, legal and lawful money of the United States, and also demanded of the said mayor a license to operate and keep the said three pool tables in the city of Murray for the term of one year as provided in said ordinances, which said tender and issuance of license the said defendants, E. A. Hughes, city council, H. B.

Gilbert, treasurer, and Joe T. Parker, clerk of the city of Murray wrongfully, illegally and without authority, and contrary to the provisions of the ordinances of said city, and contrary to the duty imposed upon them by law, declined to accept and receipt for said money.''

A general demurrer was sustained to the petition as amended, and the plaintiff declining to plead further, the petition was dismissed; and of this judgment the appellant complains.

We do not find it necessary to look into the question of the amount of the license for running pool tables in the city of Murray, or of the validity of the ordinances in reference thereto. We think the court properly sustained the general demurrer to the petition as amended, for the reason that it contains no allegation that the plaintiff ever made application to the city council for a license to operate the pool tables. It will be observed from the petition above quoted that the plaintiff alleges that he tendered the license fee to the mayor and to the city of Murray and the city council through its mayor, and this tender was refused. This was an insufficient demand upon which to base this action for a mandamus against the city council. Subsection 4 of section 3637, of the Kentucky Statutes, which is a part of the charter of cities of the fifth class, among other things provides: ''The issuing of the different licenses under this chapter shall be under the exclusive control of the city council, who may refuse to grant license, in its discretion, except as herein provided.'' The exception mentioned does not include licenses for pool tables. It follows, from the very plain letter of the statute, that the city council of cities of the fifth class have the exclusive right and authority to pass upon the issuance of a license for pool tables, and, therefore, the demand of the license from E. A. Hughes, the mayor, was insufficient, and his refusal to accept the money or issue license was not sufficient to authorize the institution of this action against the city council. It is true, the petition as amended states that the tender of the money and demand for the issuance of the license was refused by the city council, but it was the tender to the mayor and the demand on the mayor which the council refused. Pleadings are construed most strongly against the pleader, and we think it clearly appears from the allegations of the petition, that the only demand for license was made upon the mayor, and the refusal of the council was made by the mayor. The al-

legation of the refusal of the city council amounts to a mere constructive refusal based upon the refusal of the mayor either to receive the money or issue the license.

We do not find it necessary to pass upon the question as to whether or not the city council has authority to arbitrarily refuse to issue the license to the plaintiff, as that question is not before us. The operation of pool tables is generally considered to fall within the police power of the government within which they are operated, but it is not necessary now to say more than that the petition of the plaintiff was insufficient to authorize the judgement for which he prays, and that the trial court properly sustained the demurrer to it.

Judgment affirmed.